*E-Filed: October 16, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHERRY MELINDA VINCENT,<br><br>      Plaintiff,<br>   v.<br><br>COUNTRYWIDE dba BANK OF AMERICA, THE BANK OF NEW YORK MELLON N.A. and RECON TRUST COMPANY N.A., REEDSMITH LLP ATTORNEY SHAUDEE NAVID,<br><br>      Defendants.<br>_____/ | No. C13-01569 HRL<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS AND (2) STRIKING NEWLY ADDED ATTORNEY DEFENDANTS**<br><br>[Re: Docket No. 24] |

Plaintiff Sherry Melinda Vincent sues defendants for alleged violations of state and federal law in connection with her mortgage loan.[1] At the hearing on defendants' first motion to dismiss, the Court indicated it would grant the motion and that the plaintiff would be given leave to amend within 30 days of the forthcoming written order. However, prior to the issuance of the order, plaintiff filed an amended complaint which, while nearly identical to the initial complaint in substance, attached over 100 pages of new exhibits. The first motion to dismiss was denied as moot, and the defendants now move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and request judicial notice of documents in support thereof. Plaintiff opposes the motion.

---

[1] Defendants identify themselves as: Bank of America, N.A. (erroneously sued as "Countrywide dba Bank of America"); The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA16, Mortgage Pass-Through Certificates, Series 2006-OA16 (erroneously sued as "The Bank of New York Mellon, N.A."), ReconTrust Company, N.A., Reed Smith LLP, and Shaudee Navid.

United States District Court
For the Northern District of California

All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers,[2] the Court grants the motion to dismiss without leave to amend.

## BACKGROUND

In July 2006, defendants agreed to loan the plaintiff $634,010.78 in "lawful money of the United States." Amended Common Law Complaint ("ACLC"), Dkt. 23, at ¶ 3. Plaintiff signed mortgage documents and defendants wrote plaintiff a check for the sum of $634,010.78. *Id.* at ¶¶ 6-7. However, plaintiff alleges that defendants only provided an estimated 5% of the loan's face value in actual money. *Id.* In her reply, plaintiff clarifies that the actual amount loaned was not greater than 10% of the face value because that percentage is the reserve ratio that the bank is required to keep. Affidavit, Dkt. 30, ¶ 4. The rest of the money for the loan was created by the bank itself through a series of book entries. ACLC at ¶10. Thus, plaintiff concludes, the check was not backed by "lawful money of the United States," and consequently, defendants have breached the loan agreement, committed fraud and racketeering, and violated usury laws and the Truth in Lending Act ("TILA").

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-

---

[2] Long after her opposition was due, Plaintiff filed an affidavit which defendants interpreted as an untimely response to its motion and replied accordingly. The Court interprets it the same and considers both papers. Plaintiff did not appear at the motion hearing.

2

55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1997 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

The basis for all of plaintiff's claims is that the loan was not backed by "lawful money of the United States." Defendants argue that this is not a cognizable legal theory and point out that it has been rejected by numerous district courts. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539 (E.D.N.Y. 1999) (dismissing claims of breach of contract, wire and mail fraud, and violation of usury laws and plaintiff's civil rights based on the theory that the check drawn to them was not backed by legal tender due to inadequate funds in defendant's vault, and noting rejection of theory by several other courts).

The sole authority plaintiff relies on to support her theory is *First Nat'l Bank of Montgomery v. Jerome Daly* (1968). However, it has absolutely no precedential value as it is an unreported decision of a Minnesota Justice of the Peace that was vacated by the Minnesota Supreme Court.

*Sneed v. Chase Home Finance*, No. 07-cv-00729, 2007 WL 1851674 (S.D. Cal.) (admonishing plaintiff about its reliance on the case and warning that further frivolous arguments relying on it or any other opinion of the Justice of the Peace purporting to question the validity of the federal monetary system would result in sanctions).[3]

Plaintiff's underlying legal theory has been consistently rejected, and this Court likewise rejects it. The invalidity of her theory is fatal to each of her claims for relief, and none are salvageable by pleading additional facts.

1. Breach of Contract

Plaintiff alleges that defendants breached the loan agreement by failing to lend plaintiff lawful money. But, plaintiff admits that they tendered a check for the face value of the loan, and the Court rejects plaintiff's allegation that the check was not backed by lawful money of the United States as required by the agreement. Thus, plaintiff's claim for breach of contract is dismissed without leave to amend.

2. Fraud and Racketeering

Plaintiff alleges that defendants "are in collusion in using US Mail[] and Wire Services to collect on this unlawful debt . . . in establishing a 'pattern of racketeering activity.'" ACLC at "Count Two" ¶ 1. However, the debt on which defendants were collecting was not unlawful for reasons alleged by plaintiff. Additionally, no fraud occurred because the defendants' statement that they would provide plaintiff with lawful money was not a misrepresentation. Accordingly, plaintiff's claim for fraud and racketeering is dismissed without leave to amend.

3. Usury

Plaintiff alleges that because only 5% (or 1/20th) of the loan was in lawful money, by charging interest on the full amount, defendants charged interest 20 times greater than provided in the note, which violates unspecified usury laws. Again, the Court does not accept plaintiff's theory that the loan was not lawful money, and therefore plaintiff's allegation that defendant charged

---

[3] Further discrediting the opinion, both the Justice of the Peace, Martin V. Mahoney, and the defendant Jerome Daly, a "lawyer, whose unreachable quest is a judicial decree of unconstitutionality of the federal income tax and the federal reserve and monetary system," *Koll v. Wayzata State Bank*, 397 F.2d 124, 125 (8th Cir. 1968), were the subjects of prohibition and contempt proceedings in the Minnesota Supreme Court for their conduct in connection with the case. *Sneed*, 2007 WL 1851674 at *3, n.4.

4

interest greater than provided in the loan fails.  Plaintiff's claim for violation of usury laws is dismissed without leave to amend.

4.  Truth In Lending Act (TILA)[4]

Plaintiff alleges that defendants failed to disclose material facts in violation of TILA.  The undisclosed material facts are that "Plaintiff was the depositor and that the Defendant(s) risked none of their assets in the exchange, or any assets of other depositors."  Not only does plaintiff fail to adequately explain her conclusory assertion that such disclosures are material within the meaning of TILA, but again the claim hinges on plaintiff's theory that defendants did not provide, or "risk," lawful money.  Accordingly, plaintiff's claim for TILA violations is dismissed without leave to amend.

5.  Defendants Reed Smith LLP and Attorney Shaudee Navid

Plaintiff's amended complaint added two new defendants.  However, as plaintiff did not have leave of the Court to add new defendants or claims, Reed Smith LLP and Attorney Shaudee Navid are stricken from the amended complaint, as are any claims asserted against them.

## CONCLUSION

The amended complaint fails to state a claim for relief and cannot be further amended to state one under the theory plaintiff insists on pursuing.  It is therefore dismissed without leave to amend.[5]  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 16, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] In support of this claim, plaintiff directs the Court to see exhibits/attachments, which is roughly 100 pages, including an article entitled "Securitization is Illegal," an unsourced Memorandum of Law – Bank Fraud," and the affidavit of an expert witness from a Michigan state court case.  These documents are not properly incorporated by reference pursuant to Fed. R. Civ. Proc. 10(c) and are not considered.  *See Dichter-Mad Family Partners, LLP v. U.S.*, 707 F. Supp. 2d 1016, 1019 (C.D. Cal. 2010) ("[I]tems such as newspaper articles, commentaries and editorial cartoons are not [written instruments] properly incorporated into the complaint by reference.) (internal quotations omitted); *see also Hernandez v. Smith*, ("[Plaintiff] must identify (cite to) the exhibits with specificity and may not rely on the Court to wade through the exhibits and piece together his claims.").

[5] Defendants' request for judicial notice is denied as moot because the Court did not consider the documents they submitted in ruling on this motion.

**C13-01569 HRL Notice will be electronically mailed to:**

Shaudee Navid    snavid@reedsmith.com, navakian@reedsmith.com, rkassabian@reedsmith.com

Tuan V. Uong    Tuong@reedsmith.com, vhramirez@reedsmith.com

**C13-01569 HRL Notice will be mailed to:**

Sherry Melinda Vincent
1385 Whitehurst Court
San Jose, CA 95125

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**